COUNTY OF BROOME, Plaintiff, v. SPENCER E. BATES et al., Constituting the State Tax Commission, Defendants.

Supreme Court, Special Term, Albany County, February 15, 1950.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Kent H. Brown* of counsel), for defendants.

*Charles P. O'Brien* for plaintiff.

McGEEHAN, J. This action instituted by the County of Broome seeks judgment declaring the amendment to the Judiciary Law provided for by chapter 814 of the Laws of 1949 unconstitutional and invalid. The complaint alleges that the unconstitutionality and invalidity is predicated upon five bases, namely:

1 — That the amendment violates section 1 of article III of the State Constitution by delegating unlawfully legislative power;

2 — That it violates section 16 of article III by incorporating by reference other acts not mentioned in said act;

3 — That it violates section 7 of article VII in that no appropriation bill was ever passed appropriating money allowed as compensation under section 114-a of the Judiciary Law;

4 — That it violates section 10 of article IX in that it grants extra compensation to a public officer, and

5 — That it violates section 12 of article XIII of the Constitution in that it purports to increase the salary of a public officer during his term of office.

To comprehend the issues involved it should be noted that chapter 814 of the Laws of 1949 added sections 144-a and 144-b to the Judiciary Law and purports to give additional compensation to the Justices of the Supreme Court of the third and fourth departments, and provision is made for the collection and apportionment of the additional compensation. The language of the statute is as follows:

" AN ACT to amend the judiciary law, in relation to additional compensation of justices of the supreme court in the third and fourth judicial departments

" Became a law April 26, 1949, with the approval of the Governor. Passed, by a majority vote, three-fifths being present

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

" Section 1. Chapter thirty-five of the laws of nineteen hundred nine, entitled ' An act in relation to the administration of justice, constituting chapter thirty of the consolidated laws,' is hereby amended by inserting therein two new sections to be sections one hundred forty-four-a and one hundred forty-four-b, to read, respectively, as follows:

" § 144-a. *Additional compensation of justices of the supreme court in the third and fourth judicial departments.* Each of the justices of the supreme court in the third and fourth judicial departments shall receive additional compensation equal to one-half the amount of the additional compensation received by each of the justices of the supreme court resident in the second and ninth judicial districts, pursuant to the provisions of law relating thereto.

" § 144-b. *Manner of apportionment and payment of additional compensation of justices of the supreme court in the third and fourth judicial departments.* The state department of taxation and finance shall annually apportion among the several counties of the judicial districts in the third and fourth judicial departments, respectively, such a sum of money as will be sufficient to render the annual additional compensation of each of the justices of the supreme court in said districts at all times to equal one-half the amount of the annual additional compensation received by each of the justices of the supreme court resident in the second and ninth judicial districts, pursuant to the provisions of section one hundred forty-five of the judiciary law. Such department shall, after audit by the state comptroller, pay in equal monthly payments to the justices of the supreme court aforesaid residing in said judicial districts, sums sufficient to make the amount of such additional compen-

sation received by each of said justices of the supreme court equal one-half of the amount of such additional compensation received by each of the justices of the supreme court in the second and ninth judicial districts. The counties to which such sum is apportioned shall reimburse the state therefor. The time and method of reimbursement shall be as provided for certain other county reimbursements by section seventy-four of this chapter.

" § 2. This act shall take effect April first, nineteen hundred forty-nine."

This litigation presents a problem that is legal, equitable and even historical in its scope and application. The Constitution of the State of New York is the fundamental law of this Empire State and must be interpreted in a manner that will attain and accomplish the desired purposes therein expressed. The basic question to be determined is has the Legislature violated the Constitution of the State of New York in enacting sections 144-a and 144-b of the Judiciary Law? To begin with it is undisputed that the Supreme Court is a constitutional court and Supreme Court Justices are State officers. However, there is no provision in the Constitution that specifically fixes the salaries of Supreme Court Justices nor are Supreme Court Justices specifically named in the Constitution as State officers. Hence the restrictions imposed by section 12 of article XIII of the Constitution do not control the compensation paid to Supreme Court Justices but it appears that section 19 of article VI of the Constitution is the controlling mandate. There being no salary or compensation fixed by the Constitution and the only constitutional provision being a restriction against reducing their compensation during tenure of office the matter of compensation for Justices of the Supreme Court is left for the Legislature which is curtailed only by the above-mentioned restriction. Certainly the Legislature is supreme in its own field and cannot be superseded by the judicial branch of our Government. There does not appear to be any provision in the Constitution that requires the Justices in the first, second, third and fourth departments to receive the same total compensation. Accordingly when the Legislature (Judiciary Law, § 144) has seen fit to allow political subdivisions of the State such as the City of New York to pay additional compensation to Justices of the Supreme Court who are residents of New York City such legislation clearly contemplates that said Justices may receive more compensation

than the $18,000 paid by the State of New York and such legislation and the results thereunder have never been regarded as unconstitutional or unlawful in any legal proceeding that has been called to this court's attention. Now the City of New York has seen fit to grant $10,000 per annum to the Justices of the city of New York who are residents of New York City. Inasmuch as New York City embraces the whole first judicial department no problem of inequity or inequality among the Justices because of residence has arisen. As to the second department a serious question of inequity and inequality did arise by virtue of the fact that while all Justices in the second department were doing the same work only those Justices who were residents of New York City received the $10,000 granted by New York City because the City of New York lacked jurisdiction over those Justices who were in the second department but who resided in counties outside of New York City. The ninth and tenth judicial districts are noteworthy instances of this situation. Accordingly the Legislature in the exercise of its collective wisdom in correcting this inequality and in the furtherance of fundamental equity passed legislation granting to those Justices in the second department who were residents of counties outside of New York City the same compensation as paid to the Justices who were residents of New York City and the Legislature made this extra compensation a county charge on the counties outside of the territorial limits of New York City. Possibly because the equity of such legislation has been universally recognized this legislation as far as this court's personal research discloses has never been questioned or challenged as to the Justices of the second department. Now logically speaking if the Legislature can grant such additional compensation to Justices in the ninth and tenth judicial districts in the second department wherein does the plaintiff find a curtailment of the right and power of the Legislature to grant some additional compensation to the Justices of the third and fourth departments? It seems that the power of the Legislature is the same over the four judicial departments and what the Legislature can do in one department in the way of providing for additional compensation it can do in the other departments. The fact that the Legislature has seen fit to give to the Justices in the third and fourth departments only one half of the extra compensation allowed by it to Justices in the second and ninth judicial districts which are in the second department is a matter for legislative discretion and determination and cannot be superseded by judicial pronouncement because the Constitu-

tion makes no provision for uniform total compensation for all Justices in the four judicial departments and the Legislature has seen fit to make specific provisions for total compensation that is not uniform.

To the attorney for the plaintiff this court points out that sections 145 and 146 of the Judiciary Law put the counties of Westchester, Putnam, Dutchess, Orange, Rockland, Nassau and Suffolk, all of which are in the second department, and beyond the jurisdiction of the board of estimate of the city of New York, under a legal mandate to pay their respective allotments so that the annual compensation of Justices of the Supreme Court residing outside of New York City " shall at all times equal the amount of the annual compensation " of each of the Justices residing in Kings County which is under the jurisdiction of the board of estimate of New York City.

This mandate has much in common with the legislation now under consideration. In the first place it affects the counties of Westchester, Putnam, Dutchess, Orange, Rockland, Nassau and Suffolk all of which are beyond the limits of New York City and beyond the power of the board of estimate of the city of New York. Now the present mandate is to the county of Broome to pay its proportionate share toward making it possible for the Justices of the Supreme Court in the third and fourth judicial departments to receive additional compensation " equal to *one half* the amount of the additional compensation received by each of the Justices of the Supreme Court resident in the second and ninth judicial districts." While the second district is within the city of New York the ninth district is entirely outside of the city of New York and is completely independent of the board of estimate of the city of New York.

The objection interposed to the legislation under review upon the grounds that the board of estimate of New York City has been empowered by this enactment to act beyond its constitutional limitations is overruled. The statute under consideration in no way adds or detracts one iota from the present existing powers of the board of estimate. It merely shows that the Legislature of the State of New York recognizes the existing power of the board of estimate to act within the limits of the city of New York and takes official cognizance of the fact that the exercise of such power can and does create a situation that calls for legislative intervention to express the legislative will as to such matters that are beyond the jurisdiction of the board of estimate of the city of New York. Such intervention by the State occurred in the enactment of sections 145 and 146 of the

Judiciary Law in matters concerning the second department. Now the Legislature has seen fit to intervene in matters concerning the third and fourth departments. Such legislation is proper and fitting and in furtherance of simple equitable principles and it should be noted on the record for appeal purposes that it was stipulated in open court that no claim for compensation antedating the date when the law was duly enacted in April 26, 1949, is being made.

The expressed fears of the attorney for the plaintiff that the taxpayers of Broome County are in danger of being thrust into bankruptcy because of the generosity of the board of estimate of the city of New York towards the Justices who are residents of New York City is without real foundation because the fact is that for more than twenty years the board of estimate of the city of New York has not granted to the Justices of the Supreme Court resident in the city of New York one penny of increase in the amount of the additional compensation paid by the City of New York. Considering that the board of estimate in recent times has increased the salaries of many top-ranking officials it should be obvious that Supreme Court Justices are not a group undeservedly favored by the board of estimate.

Upon consideration of the prevailing facts this court overrules the objections interposed by the plaintiff and finds that there is no violation of any constitutional provisions sufficiently established to warrant an adjudication that the legislation under review is unconstitutional. Accordingly the defendant's motion for judgment on the pleadings is granted and the complaint is dismissed but without costs against the plaintiff and the clerk is directed to enter same.